T.C. Summary Opinion 2006-26

UNITED STATES TAX COURT

DAVID B. AND SHARON J. D'AMOURS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10435-04S.          Filed February 16, 2006.

David B. and Sharon J. D'Amours, pro sese.

<u>Frank W. Louis</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $3,630 for the taxable year 2002.

The issue for decision is whether petitioners are entitled to claim dependency exemption deductions for David B. D'Amours, Jr., ND, and BD.[1]

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Feeding Hills, Massachusetts, on the date the petition was filed in this case.

On August 22, 1981, petitioner David B. D'Amours (petitioner) and Teresa Marie Pond (Ms. Pond), petitioner's former wife, were married in Southwick, Massachusetts. During the marriage, petitioner and Ms. Pond had three children: David B. D'Amours, Jr., born in 1981, ND, born in 1987, and BD, born in 1990. Petitioner and Ms. Pond were divorced in 1998.[2]

Petitioner and Ms. Pond's divorce was granted on March 12, 1998, by a Judgment of Divorce Nisi. A Marital Separation Agreement (separation agreement), which was incorporated into the Judgment of Divorce Nisi, was signed by petitioner and Ms.

---

[1]The Court uses only the minor children's initials.

[2]After his divorce from Ms. Pond, petitioner married petitioner Sharon J. D'Amours on Oct. 9, 1999.

Pond on March 12, 1998.  The separation agreement states, in pertinent part, as follows:

### Article I

THE PARTIES

a.   This Agreement is made this 12th day of March, 1998 by and between TERESA D'AMOURS [Ms. Pond], who resides at 1393 Piper Road, West Springfield, Massachusetts, (hereinafter called the Wife), and DAVID D'AMOURS [petitioner], who resides at 717 College Highway, Southwick, Massachusetts (hereinafter called the Husband). All references in the within Agreement to "parties" shall mean the above-named Husband and Wife.

### ARTICLE II

RECITALS

A.   The Husband and Wife were married at Springfield, Massachusetts on August 22, 1981.

B.   There are presently three (3) minor children of the marriage who are living and dependent upon the parties for support and maintenance, whose names and dates of birth are as follows:

David B. D'Amours, Jr. * * * [born in 1981]

*    *    *    *    *    *    *

[ND, born in 1987]
[BD, born in 1990]

All references in the within Agreement to children shall mean the above-named minor children.

*    *    *    *    *    *    *

NOW THEREFORE, IN CONSIDERATION OF THE MUTUAL PROMISES, AGREEMENTS AND COVENANTS HEREINAFTER CONTAINED, THE HUSBAND AND WIFE MUTUALLY AGREE AS FOLLOWS:

*    *    *    *    *    *    *

13. CUSTODY OF THE CHILDREN - The parties agree that they will share joint legal custody of the children, and will consult each other prior to making any major decision concerning each child's medical care, religious upbringing, education, extracurricular activities and travel. The children will make their home with the Wife and the Wife shall have physical custody of the children.

                *    *    *    *    *    *    *

14. VISITS WITH THE CHILDREN - The Husband shall have the right and opportunity to visit with the children at all reasonable times.

15. SUPPORT OF THE CHILDREN - The Husband shall pay to the Wife weekly by wage assignment the sum of $360 as child support in accordance with the child support guidelines promulgated by the Commonwealth of Massachusetts. This provision is subject to modification in accordance with applicable Massachusetts law.

16. CHILDREN AS DEPENDENTS FOR INCOME TAX PURPOSES - The Wife shall not claim or consider the children as her dependents for the purpose of filing her annual Federal or State income taxes for any calendar year. The Wife shall execute all documents which the Husband deems necessary to enable him to so claim the children.

However, at such time as the Wife has earned in excess of $20,000 in any calendar year, she may claim one child as her dependent for the purpose of filing her annual tax forms, and the Husband shall execute all documents necessary to enable the Wife to claim the child as her dependent.

17. MEDICAL INSURANCE AND EXPENSES - The Husband shall maintain in full force and effect his present medical insurance policy for the benefit of the children until such time as each child is emancipated and for the benefit of the Wife, to the extent permitted by his medical insurance plan, as he is able to do so at no additional cost.

The parties agree to share equally the payment of any uninsured medical, dental, orthodontic, optometric, prescription medicines and mental health care expenses for the minor children.

Sometime between 1998 and 2002, Ms. Pond remarried.  During taxable year 2002, Ms. Pond, ND, BD, and David B. D'Amours, Jr., lived with her husband and his three children from a previous marriage.  During taxable year 2002, Ms. Pond was the parent with physical custody of the two minor children ND and BD.  During the year in issue, the two minor children and David B. D'Amours, Jr., visited petitioner and sometimes stayed overnight with petitioner; however, there was no regular schedule of visitation times.  The two minor children and David B. D'Amours, Jr., resided with Ms. Pond for more than one-half of the taxable year 2002.

David B. D'Amours, Jr., attained the age of 21 prior to the end of taxable year 2002.  During taxable year 2002, David B. D'Amours, Jr., was not enrolled in any educational courses and did not attend any educational institution.

During the year in issue, Ms. Pond was employed by Costco Wholesale.  Costco Wholesale issued to Ms. Pond a Form W-2, Wage and Tax Statement, which reflected wages earned of $29,326.24.

On or about April 15, 2003, petitioners filed their Form 1040, U.S. Individual Income Tax Return, for the 2002 taxable year.  Petitioners did not attach a Form 8332, Release of Claim to Exemption for Child of Divorced of Separated Parents, or any statement, waiver, or declaration conforming to the substance of Form 8332 to their 2002 Federal income tax return.  Ms. Pond did

not sign a Form 8332 or any statement or waiver stating that she was releasing her claim to the exemptions for ND and BD.  In their 2002 return, petitioners claimed exemption deductions for David B. D'Amours, Jr., ND, and BD.

Respondent disallowed the claimed exemption deductions for David B. D'Amours, Jr., ND, and BD.  Accordingly, respondent issued to petitioners a notice of deficiency determining a deficiency of $3,630 in petitioners' 2002 Federal income tax.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct.  Welch v. Helvering, 290 U.S. 111, 115 (1933).  In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner".  In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2).  Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[3]  Baker v.

---

[3]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer.  See Bernardo v.
(continued...)

Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to the issue in the present case.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1. ND and BD

Section 151(a) authorizes deductions for the exemptions provided by that section. In particular, section 151(c)(1) provides an exemption for each of a taxpayer's dependents, as defined in section 152, who is a child of the taxpayer and who has not reached the age of 19 by the close of the taxable year. Sec. 151(c)(1)(B).

---

[3](...continued)
Commissioner, T.C. Memo. 2004-199.

Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

In the case of a child of divorced parents, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support from the custodial parent. Section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect.

Thus, in the present case, because Ms. Pond had legal custody as well as physical custody of ND and BD throughout 2002, she was the custodial parent in 2002, and petitioner was the noncustodial parent.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1). Pursuant to that exception, the child shall be treated as receiving more than half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The declaration required by section 152(e)(2)(A) must be made either on Form 8332 or on a statement conforming to the substance of that form.  Id.; accord Miller v. Commissioner, 114 T.C. 184, 189 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  To meet the requirements of section 152(e)(2), the written declaration, if not made on the official form provided by the Internal Revenue Service (IRS), "shall conform to the substance of such form."  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.  The form provided by the IRS, Form 8332, calls for the following information: (1) The name of the child or children for whom an exemption claim is released; (2) the applicable tax year or years for which the claims are released; (3) the custodial parent's signature and the date of signature; (4) the custodial parent's Social Security number; (5) the noncustodial parent's name; and (6) the noncustodial parent's Social Security number. "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In the present case, Ms. Pond, as the custodial parent, did not sign a Form 8332 or any written declaration or statement agreeing not to claim the exemptions for ND and BD, and no such form, declaration, or statement was attached to petitioners' return for the year in issue.

However, petitioner argues that the separation agreement in the Judgment of Divorce Nisi, which ended his marriage with Ms. Pond, by its terms grants him the right to claim ND and BD as dependents for Federal and State income tax purposes.

We note that even if the provision of the separation agreement regarding dependency exemptions is controlling in this case, Ms. Pond would be entitled to one dependency exemption due to the fact that she earned in excess of $20,000 in the taxable year 2002.

Although the separation agreement, by and through its own terms, provides that petitioner is entitled to a dependency exemption for one of the claimed minor dependents, it is well settled that State courts by their decisions cannot determine issues of Federal tax law. See Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Neal v. Commissioner, T.C. Memo. 1999-97; Nieto v. Commissioner, T.C. Memo. 1992-296.

We find that the separation agreement, in the present case, does not "conform to the substance" of Form 8332. See sec.

152(e)(2); see also sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra. Further, the separation agreement was not attached to petitioners' 2002 Federal income tax return.

Unfortunately, regardless of what is stated in the separation agreement, the law is clear that petitioner is entitled to the child dependency exemption for one of the minor children in 2002 only if he complied with the provisions of section 152(e)(2). Petitioner has failed in this regard. It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply. Accordingly, petitioners are not entitled to deduct dependency exemptions for ND and BD for taxable year 2002. Sec. 152(e)(1); Miller v. Commissioner, supra.

2. David B. D'Amours, Jr.

David B. D'Amours, Jr., attained the age of 21 prior to the end of taxable year 2002. During taxable year 2002, David B. D'Amours, Jr., was not enrolled in any educational courses and did not attend any educational institution.

If a child has reached the age of majority and is considered emancipated under the laws of the Commonwealth of Massachusetts, neither parent will be considered to have "custody" of that child within the meaning of section 152(e)(1)(B). Ferguson v. Commissioner, T.C. Memo. 1994-114; see Kaechele v. Commissioner, T.C. Memo. 1992-457. A child

reaches the age of majority in Massachusetts at 18 years of age. Mass. Ann. Laws ch. 231, sec. 85P (LexisNexis 2000). Once a child is considered emancipated under State law, section 152(e)(1) is inapplicable, and the general rule of section 152(a) is controlling.

As previously stated, section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer. "Support" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

The Court notes that to claim David B. D'Amours, Jr., as a dependent, petitioners would have also had to show that David B. D'Amours, Jr.'s, gross income for the 2002 calendar year was less than the exemption amount of $3,000. Sec. 151(c)(1). As shown below, we find that petitioner has not carried his burden of proof in showing either the total support for David B. D'Amours, Jr., for taxable year 2002 or that he provided over one-half of that support as required under section 152(a); therefore, we need not, and do not, decide whether David B. D'Amours, Jr.'s gross income for the 2002 calendar year was less than the exemption amount of $3,000.

In determining whether an individual received more than one-half of his or her support from the taxpayer, there shall be

taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources.  Id.  In other words, the support test requires the taxpayer to establish the total support costs for the claimed individual and that the taxpayer provided at least half of that amount.  Archer v. Commissioner, 73 T.C. 963, 967 (1980); see Cotton v. Commissioner, T.C. Memo. 2000-333; Gulvin v. Commissioner, T.C. Memo. 1980-111, affd. 644 F.2d 2 (5th Cir. 1981); Toponce v. Commissioner, T.C. Memo. 1968-101.  A taxpayer who cannot establish the total amount of support costs for the claimed individual generally may not claim that individual as a dependent.  Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, supra.

Petitioner testified that David B. D'Amours, Jr., resided with Ms. Pond during taxable year 2002.  Petitioner further testified that he provided some support for David B. D'Amours, Jr.  However, petitioner did not testify as to any specific amounts of support given to David B. D'Amours, Jr., or to the total annual cost of support for David B. D'Amours, Jr. Petitioner has not carried his burden of proof in showing either the total support for David B. D'Amours, Jr., for taxable year 2002 or that he provided over one-half of that support as required under section 152(a).  Therefore, petitioner is not

entitled to deduct a dependency exemption for David B. D'Amours, Jr.  Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.